COMMONWEALTH *vs.* MICHAEL JOHNSON. April 17, 1980. The defendant has appealed from his conviction on indictments 011195 charging armed robbery (G. L. c. 265, § 17) and 011196 charging armed assault in a dwelling with intent to commit a felony (G. L. c. 265, § 18A). As the defendant's arguments on appeal are addressed solely to the denial of his motions for a directed verdict and for a new trial under the latter indictment, we discuss only the issues raised with respect to it.

1. The motion for a directed verdict was properly denied. The only basis for the claimed error is on a ground argued to the judge that it was "not established that [the scene of the crime] was, in fact, a dwelling house within the meaning of the particular statute involved." There was evidence which warranted a finding by the jury that the crime took place in a portion of the victim's premises which was used by him solely as his place of habitation. Compare *Commonwealth* v. *Kingsbury*, 378 Mass. 751, 755-757 (1979).

2. The defendant's motion for a new trial was grounded in the main upon claimed ineffective assistance of counsel (an issue not raised or

argued on appeal) and secondarily upon a claim of "new evidence" from four persons who would have testified at the trial, had they been called upon to do so, to the effect that the victim was operating an "after hours joint" for the sale of alcoholic beverages. Testimony as to this had been introduced at trial through the defendant and another witness. The judge found that although the defendant claimed that he had furnished his attorney with the names of all four, in fact he had furnished the attorney with the names of only two. He found further that "[n]one of those persons are in possession of 'new evidence' as asserted in the motion [for a new trial]." As to this contention we restate what was said in *Commonwealth* v. *Horton*, 376 Mass. 380, 401 (1978): "As repeatedly stated by this court, '[t]he motion for a new trial on the ground of newly discovered evidence [is] addressed to the sound discretion of the trial judge. [Citations omitted.] His disposition of it "is not to. be reversed unless a survey of the whole case shows that his decision, unless reversed, will result in manifest injustice."' [Citations omitted.] Our examination of the transcripts of the hearing on the motion, as well as our consideration of the whole case, including the judge's findings and rulings, discloses no abuse of discretion by the judge." There was no error in the denial of Johnson's motion for a new trial.

The judgment in indictment 011196 is affirmed. The appeal in 011195 is dismissed, and the order denying the motion for a new trial is affirmed.

*So ordered.*

*Bernard Grossberg* for the defendant.

*Leonard J. Henson,* Assistant District Attorney, for the Commonwealth.